IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CURTIS AL'SHAHID,**

    **Petitioner,**

    v.

**WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,**

    **Respondent.**

**CASE NO. 2:15-CV-02411
JUDGE ALGENON L. MARBLEY
MAGISTRATE JUDGE KEMP**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition*, Respondent's *Return of Writ*, Petitioner's *Reply*, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

### Facts and Procedural History

Petitioner has a lengthy criminal history dating back to 1965. *See* Doc. 7-1, PageID# 423. He does not challenge any of his underlying criminal convictions, but the subsequent actions of the Ohio Adult Parole Authority. The Court summarizes the relevant procedural history as follows:

In February 1990, Petitioner was convicted in Hamilton County on five counts of aggravated robbery and three counts of robbery. At that time, Petitioner was on parole for a prior conviction on unarmed robbery for which he had been sentenced to one to twenty-five years in 1972. The trial court imposed ten to twenty-five years on each of

the aggravated robbery convictions, and ten to fifteen years on each of the robbery convictions, such sentences to run concurrently with each other but consecutive to any parole violation, plus three years on the firearm specification, such sentence to run consecutively to all other sentences imposed, including any parole violation. Doc. 7-1, PageID# 39-40. Petitioner's parole was revoked. The parole board determined his maximum release date to be April 11, 2093. On December 7, 2004, Petitioner was released on parole. PageID# 35.

However, on December 28, 2005, Petitioner was convicted in Hamilton County on three counts of burglary. The trial court imposed an aggregate term of nine years incarceration. PageID# 41. The state appellate court reversed one of his convictions on appeal and remanded the case for entry of a new conviction for a lesser-included offenses, and for re-sentencing under *State v. Foster*, 109 Ohio St.3d 1 (2006)(declaring portions of Ohio's sentencing statutes as unconstitutional). On February 16, 2007, the trial court re-imposed an aggregate term of nine years incarceration. PageID# 42-50, 52. Petitioner's parole was revoked. On January 13, 2006, represented by counsel, Petitioner signed a waiver of his right to a parole mitigation hearing. PageID# 324. The parole board determined his maximum release date to be March 28, 2093. PageID# 35.

On June 19, 2014, Petitioner filed a state habeas corpus petition in the Ohio Court of Appeals. He asserted that the Ohio Adult Parole Authority improperly had failed to provide him with a mitigation and final revocation hearing for over nine years, in violation of *Kellogg v. Shoemaker,* 927 F.Supp. 244 (S.D. Ohio 1996). PageID# 287. On September 12, 2014, the appellate court denied Petitioner's habeas corpus petition.

PageID# 341. On June 14, 2015, the Ohio Supreme Court affirmed the decision of the Court of Appeals. PageID# 407.

On June 15, 2015, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that the Ohio Adult Parole Authority violated his right to due process under *Morrissey v. Brewer*, 408 U.S. 471 (1972), and *Kellogg v. Shoemaker*, 927 F.Supp. at 244-45, by securing an unknowing, unintelligent, and involuntary waiver of his right to a parole mitigation and final parole revocation hearing by deception and under false pretenses (claim one); and lacks jurisdiction to continue his incarceration by failing to provide him with a parole mitigation and final revocation hearing within a reasonable amount of time (claim two). It is the position of the Respondent that this action must be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

## Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the

3

>Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

"Sixth Circuit precedent dictates [] that courts determine the beginning of the one-year statute of limitations period based on the content of the prisoner's claim." *Bachman v. Bagley*, 487 F.3d 979, 984 (6th Cir. 2007).

>The United States Court of Appeals for the Sixth Circuit has stated that, in the context of a challenge to a parole denial, the one-year statute of limitations begins when under 28 U.S.C. § 2244(d)(1)(D), petitioner could have discovered the factual predicate of his claims through the exercise of due diligence. *Alexander v. Birkett*, 228 Fed.Appx. 534, unpublished, 2007 WL 1063270 (6th Cir. April 9, 2007) (statute of limitations on claim that parole board's denial of release on parole violated the Ex Post Facto Clause began to run when petitioner could have discovered through due diligence the change in policy regarding parole eligibility for prisoners sentenced to life terms); *see also Ali v. Tennessee Board of Pardon and Parolees*, 431 F.3d 896, 898 (6th Cir. 2005) (challenge to the parole board's denial of release on parole timely where filed within one year of decision denying release on parole); *Guerrero v. Palmer*, 2006 WL 2077581 (W.D. Michigan July 24, 2006) (statute of limitations begins

4

> to run on challenges to parole board's repeated denials of release on parole on the date that petitioner could have discovered with due diligence changes in state law and parole policy regarding parole eligibility); *Bachman v. Bagley*, 487 F.3d 979, 984-85 (6th Cir.2007), stating that "Sixth Circuit precedent dictates ... that courts determine the beginning of the one-year statute of limitations period based on the content of the prisoner's claim," and noting:
>
>> the Sixth Circuit has permitted prisoners to challenge a state parole board's administrative denial of parole in a habeas petition filed within one year of the parole denial becoming final, *Ali v. Tennessee Board of Pardon & Paroles*, 431 F.3d 896, 898 (6th Cir.2005), and to challenge the revocation of parole within one year of the revocation decision becoming final, *Bogan v. Hufman*, No. 98-4425, 2000 WL 1800572, ----1-2, 2000 U.S.App. LEXIS 31039, at *3-4 (6th Cir. Nov.30, 2000).
>
> *Id*.

*Wolfel v. Timmerman-Cooper,* No. 2:07-cv-1079, 2008 WL 5188188, at *5-6 (S.D. Ohio Dec. 10, 2008); *see also Allison v. Warden, Madison Correctional Inst.*, No. 2:12-cv-634, 2013 WL 4080749, at *2 (S.D. Ohio Aug. 13, 2013)(parole revocation becomes final on the date that the parole board determines that the revocation sanction should be imposed)(citing *Klopp v. Wolfe*, 8 Fed.Appx. 444, 446 (6th Cir. 2001)).

Here, as discussed, Petitioner claims that parole authorities, deceptively, under false pretenses, and in violation of *Kellogg*, improperly obtained an unknowing, unintelligent, and involuntary waiver of his right to a parole mitigation and final parole revocation hearing. As a result, Petitioner contends, his continued incarceration is unlawful. The action Petitioner challenges took place on January 13, 2006, the date that

5

Petitioner signed the waiver of his right to mitigation hearing. At that time, he indicated that he understood his right to a mitigation hearing, and that "upon consideration and without any promises or threats made by any party," he knowingly, intelligently, and voluntarily waived his right to a mitigation hearing "as explained in the Notification of right to Mitigation Hearing." Doc. 7-1, PageID# 414. Counsel from the Ohio Public Defender's office also signed the form, indicating that "the above *Kellogg* class member signed this waiver in my presence on the date indicated." *Id*. The record appears to reflect that, on May 9, 2006, the Ohio Parole board revoked Petitioner's parole on the basis of his December 2005 burglary convictions. PageID# 413.

Therefore, it would appear that the statute of limitations began to run, at the latest, in May 2006, and expired one year later, in May 2007. Petitioner does argue that his parole has never "officially" been revoked, to date. PageID# 2. However, the record does not support this allegation. The minutes of the meeting of the parole board held at the Pickaway Correctional Institution indicate that Petitioner's parole violation revocation hearing took place on May 8, 2006, and that his parole was revoked. Doc. 7-1, PageID# 411-413; *see also* PageID# 34-35. Petitioner's state habeas corpus petition does not toll or otherwise affect the running of the statute of limitations, as Petitioner filed such action long after the statute of limitations had already expired. *See Sevilla v. Warden*, No. 214-cv-02637, 2015 WL 5384225, at *4 (S.D. Ohio Sept. 14, 2015)(citing *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)("The tolling provision does not... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a

clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

Petitioner claims that he was "forced to involuntarily sign a waiver of his *Kellogg* rights to a parole mitigation and final revocation hearing" because the parole officials deceived him into believing he did not qualify as a *Kellogg* class member. PageID# 2. In support of this allegation, Petitioner refers to an Ohio Parole Board "PVR/Kellogg Screening" form. *See* Doc. 10, PageID# 465. The form appears to indicate that Petitioner did not meet the criteria for a *Kellogg* class member, but also indicates that the case constituted a *Kellogg* action, that Petitioner had elected to waive his *Kellogg* mitigation hearing on January 13, 2006, and that the parole board recommended that his "DPV and parole" be revoked. A hearing officer from the parole board signed the form in May 2006. The document indicates that Petitioner's maximum release date is March 28, 2093. *See id*. Petitioner, however, states that he does not recall waiving his rights to a *Kellogg* hearing, and did not learn that he had done so until his May 1, 2014, parole eligibility hearing, *see* Doc. 7-1, PageID# 418, which took place approximately one month before the nine year sentence on his 2005 burglary convictions was due to expire. Doc. 1, PageID# 2.

Under 28 U.S.C. § 2244(d)(1)(D), a petitioner must file his habeas corpus petition one year from the date that his claim "could have been discovered through the exercise of due diligence." The question is not when a prisoner first learns of the factual predicate for his claim, but when he should have learned of it had he exercised reasonable care. *Townsend v. Lafler,* 99 Fed.Appx. 606, 608 (6th Cir. 2004)(citations

7

omitted). "Section 2244(d)(1)(D). . . does not convey a statutory right to an extended delay while a habeas petitioner gathers evidence that might support a claim." *Brooks v. McKee*, 307 F.Supp.2d 902, 906 (E.D. Mich. 2004)(citation omitted). It is the Petitioner's burden to establish that he exercised due diligence in searching for the factual predicate of his claim. *Redmond v. Jackson*, 295 F.Supp.2d 767, 772 (E.D. Mich. 2008)(citing *Stokes v. Leonard,* 36 Fed.Appx. 801, 804 (6th Cir. 2002)). He has failed to do so here.

Petitioner fails to explain why it allegedly took him approximately eight years to learn that he had been illegally denied the right to a mitigation or final revocation hearing. He does not indicate that he made any efforts, during this time, to learn of the basis for his claims.

Further, the record fails to reflect that equitable tolling of the statute of limitations is warranted. A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 650 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[P]etitioner bears the ... burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir. 2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id*. at 560–61. The Supreme Court has allowed equitable tolling where a claimant actively

8

pursued judicial remedies by filing a timely, but defective pleading, or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).  Where the claimant failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id.*; *Jurado v. Burt*, 337 F.3d 638, 642–43 (6th Cir. 2003).  A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations.  *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 751 (6th Cir. 2011) (citation omitted).  These conditions are typical of most habeas corpus petitioners and do not constitute an extraordinary circumstance beyond the Petitioner's control.  *Lowe v. State,* No. 2:12-cv-142, 2013 WL 950940, at *7 (S.D. Ohio March 12, 2013) (citing *Allen v. Yukins,* 366 F.3d 396, 403 (6th Cir. 2004)).  Petitioner has failed to meet this standard here

The one-year statute of limitations may also be subject to equitable tolling upon a "credible showing of actual innocence."  *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005).  Accordingly, "a petitioner whose claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt."  *Yates v. Kelly*, No. 1:11 CV 1271, 2012 WL 487991 (N.D. Ohio Feb. 14, 2012) (citing *Souter*, 395 F.3d at 590).  Actual innocence means factual innocence, not mere legal sufficiency.  *See Bousely v. United States*, 523 U.S. 614, 623 (1998).  Equitable tolling is required upon a showing of actual innocence because

the refusal to consider even an untimely habeas petition would cause a fundamental miscarriage of justice.  *See Patterson v. Lafler*, No. 10-1379, 2012 WL 48186, at *3 (6th Cir. Jan. 9, 2012).  Such are not the circumstances here.

In his reply, however, Petitioner appears to present the alternative argument that his action was not brought under 28 U.S.C. § 2254, but is an action to enforce the consent decree entered in *Kellogg*.  He contends that the Court has continuing jurisdiction to enforce that decree, and should do so in this case because he did not knowingly waive his mitigation hearing.  Respondent, making an alternative argument for dismissal on the merits, concedes that Petitioner is a member of the *Kellogg* class and that he was entitled to a mitigation hearing.  However, Respondent argues that the waiver which both Petitioner and his counsel signed in January, 2006 effectively relinquished that hearing, and that the May, 2006 form which indicates that he was not a *Kellogg* class member is irrelevant to the inquiry, which focuses on whether the waiver signed four months previously is valid.

The record contains a signed affidavit from Petitioner stating both that he does not recall signing the waiver form - which, as Respondent points out, is of little consequence and does not affect the validity of the waiver - and, perhaps more significantly, that he was told orally at about that time that he was not a *Kellogg* class member and had no right to a mitigation hearing.  Petitioner argues that since he was given false information about whether he was a *Kellogg* class member, he could not have knowingly waived his mitigation hearing, or, at least, that there is a factual issue about that.

The Court, after carefully considering the documents presented by both Petitioner and Respondent, concludes that even if there is some factual question about whether Petitioner's waiver of his mitigation hearing was valid, he has not timely moved to enforce his rights under the *Kellogg* consent decree.  Again, it is important to note that Petitioner's claim that he does not recall signing the January, 2006 waiver form does not create a factual issue about whether he did sign it.  That form clearly indicates that he had the right to a mitigation hearing and refers to Petitioner as a "*Kellogg* class member."  At a minimum, if he had been told by someone at that time - although not, apparently, by his own counsel, who also signed the form - that he was not a *Kellogg* class member, that should have raised some question in his mind about which piece of information was accurate. The May, 2006 form also contains inconsistencies, noting both that Petitioner did not meet the four criteria for a mitigation hearing, but also stating that he waived his *Kellogg* hearing.  The bottom part of the form advised Petitioner that a "*Kellogg* action" had been taken by the Parole Board based upon that waiver.  The form also contains a section to describe "Non-*Kellogg* action" and that part of the form is blank.  In June, 2011, the Parole Board reviewed his case and correctly completed that part of the form indicating that Petitioner was a *Kellogg* class member. Doc. 7-1, PageID# 340.  That form also advised Petitioner that the Board was taking a "*Kellogg* action" and that it was relying on his earlier waiver of a mitigation hearing.  Petitioner did not take any action to obtain a *Kellogg* hearing until 2014, however, when he filed his state habeas corpus action - which was dismissed for procedural deficiencies - and he did not file this case seeking to enforce the *Kellogg* decree until 2015.

11

In *Bergmann v. Michigan State Transp. Comm'n*, 665 F.3d 681 (6th Cir. 2011), the Court of Appeals addressed the issue of when an action to enforce a consent decree was untimely filed. There, it held that the equitable doctrine of laches governs that issue. *See also Adcor Indus., Inc. v. Bevcorp LLC*, 411 F.Supp.2d 778, 795 (N.D. Ohio 2005)(consent decrees are subject to the equitable defense of doctrine of laches)(citing *Brennan v. Nassau County*, 352 F.3d 60, 63 (2d Cir. 2003); *Cook v. City of Chicago*, 192 F.3d 693, 695 (7th Cir. 1999). "The doctrine of laches is an equitable principle that bars recovery in circumstances in which a plaintiff's delay in seeking a judicial remedy prejudices a defendant." *Id.* (quoting *Bylinski v. City of Allen Park*, 169 F.3d 1001, 1003 (6th Cir. 1999)). As the Court of Appeals has interpreted that doctrine in *Herman Miller, Inc. v. Palazzetti Imports & Exports, Inc.*, 270 F.3d 298, 320 (6th Cir. 2001), it requires two showings: "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting it." *See also United States v. City of Loveland, Ohio*, 621 F.3d 465, 473-74 (6th Cir. 2010)(same)(citation omitted)(concluding that Loveland forfeited its right to contest to effects of consent decree by unreasonably sitting on its rights).

The Court has no difficulty finding that Petitioner did not diligently assert his right to a *Kellogg* hearing. Despite knowing that, at the very least, there was some uncertainty about whether he was entitled to one - and given his very strong incentive to make sure his rights were being protected - Petitioner waited over nine years to assert his *Kellogg* claim in federal court. Further, the prejudice to the State is apparent. Had Petitioner asserted his rights earlier, any error in the parole proceedings (if there

12

was one), and any uncertainty about the validity of the *Kellogg* waiver, could have been corrected in a timely fashion. Nine years after the fact, it would clearly be more difficult to determine if Petitioner was actually told, as he claims, that he was not a *Kellogg* class member, more difficult to determine if he knowingly waived his hearing, and more difficult to hold a mitigation hearing based on evidence that would relate to the 2005-2006 time frame. In the Court's view, to the extent that Petitioner's claim is based purely on the *Kellogg* consent decree, he has not timely asserted it.

## Recommended Disposition

For these reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as not having been timely filed**.**

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the

13

*Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas* v. *Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    The parties are further advised that, if they intend to file an appeal of any adverse if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge
