IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CURTIS AL'SHAHID,

          CASE NO. 2:15-CV-02411
   Petitioner,          JUDGE ALGENON L. MARBLEY
                          MAGISTRATE JUDGE KEMP

   v.

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,

   Respondent.

## OPINION AND ORDER

On October 13, 2016, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 12.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 19.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 19) is **OVERRULED**. The *Report and Recommendation* (ECF No. 12) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner asserts that the Ohio Adult Parole Authority violated his right to due process under *Morrissey v. Brewer*, 408 U.S. 471 (1972), and *Kellogg v. Shoemaker*, 927 F.Supp. 244 (S.D. Ohio 1996), by securing an unknowing, unintelligent, and involuntary waiver of his right to a parole mitigation and final parole revocation hearing by deception and under false pretenses, and lacks jurisdiction to continue his incarceration by failing to provide him with a parole mitigation and final revocation hearing within a reasonable time. The Magistrate Judge recommended dismissal of this action as barred by the one-year statute of limitations under 28

U.S.C. 2244(d), and denial of the motion to enforce rights under the *Kellogg* consent decree as untimely.

Petitioner objects to the Magistrate Judge's recommendation. Petitioner argues that equitable tolling of the one-year statute of limitations is warranted, because he was being treated at the Ohio Correctional Medical Center between April 27, 2006, and August 18, 2006, for lung cancer, and therefore could not have attended a parole revocation hearing at the Pickaway County Correctional Institution during that time. Petitioner indicates that thereafter he was transferred to the Fraizer Health Medical Center, and obtained continued medical treatment between the two facilities from September 18, 2006, to December 12, 2006. On February 14, 2007, he was transferred to court for re-sentencing. Petitioner maintains that he did not learn that his parole had been revoked on May 8, 2006, until May 1, 2014, when he appeared before the parole board for consideration for release on parole. At that time, Petitioner claims that he first learned that, in January 2006, he had waived his rights under *Kellogg*. Upon being provided with such documentation, Petitioner filed a state habeas corpus petition. Petitioner also argues that this action is timely in view of the trial court's February 16, 2007, re-sentencing hearing. Petitioner has attached an "Offender Movement History" in support. (ECF No. 19, PageID# 511-12.)

The Court is not persuaded by Petitioner's arguments. The record reflects that, on December 5, 2005, approximately one year after being released on parole, Petitioner was convicted in Hamilton County on three counts of burglary, and sentenced to an aggregate term of nine years incarceration. Shortly thereafter, on January 13, 2006, while represented by counsel, Petitioner signed a waiver of his right to a parole mitigation hearing. PageID# 324. On February 16, 2007, the trial court re-sentenced Petitioner pursuant to a remand from the Ohio Court of

2

Appeals, and re-imposed a term of nine years incarceration. Prior to that date, however, on May 8, 2006, the parole board revoked Petitioner's parole due to on his new convictions on three counts of burglary in Hamilton County. (ECF No. 7-1, PageID# 411-413.)

Petitioner challenges events which occurred on January 13, 2006, and May 8, 2006. Pursuant to the terms of 28 U.S.C. § 2244(d)(1)(D), the one-year statute of limitations began to run on the date that Petitioner could have discovered the factual predicate for his claim(s) through the exercise of due diligence. *See Wolfel v. Timmerman-Cooper*, No. 2:07-cv-1079, 2008 WL 5188188, at *5-6 (S.D. Ohio Dec. 10, 2001)(citations omitted). Even assuming that Petitioner was not present on May 8, 2006, when the parole board revoked his parole based on his commission of new criminal offenses, Petitioner has failed to establish that he exercised due diligence in learning of the factual predicate for his claim. It took him approximately eight years to discover the factual basis for his claim that he had waived his right to a *Kellogg* hearing, and not received such a hearing. Further, the record reflects no basis to conclude that he could not have discovered the basis for this claim earlier, had he acted diligently, particularly under circumstances reflecting a signed waiver of the right to a *Kellogg* mitigation hearing while represented by counsel. Moreover, Petitioner does not indicate that he made any efforts, during that period of time, to learn about the revocation of his parole and the waiver of his right to a *Kellogg* mitigation hearing. The trial court's February 2007, re-sentencing hearing does not affect this Court's conclusion that this action is time-barred under these circumstances. To the contrary, there is no reason to believe that Petitioner could not have inquired at that time as to the impact of his new convictions and sentence on his probation. For the reasons already detailed in the Magistrate Judge's *Report and Recommendation*, this Court likewise concludes that the

doctrine of laches precludes Petitioner from pursuing an action to enforce his rights under the *Kellogg* consent decree.

For these reasons, and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's *Objection* (ECF No. 19) is **OVERRULED**. The *Report and Recommendation* (ECF No. 12) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

DATED:  December 5, 2016

    s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge